Dear Mr. Miller,
This office is in receipt of your opinion request dated September 26, 1995. You ask whether Act 372 (1995) applies retroactively. Act 372 amends C.C.P. Art. 251(A) and LSA-R.S. 44:32(C)(1)(b) and enacts LSA-R.S. 44:32(C)(1)(c) and (d), relative to the examination and reproduction of public records.
Revised Statutes are not retroactive unless it is expressly so stated. LSA-R.S. 1:2. Additionally, in the absence of contrary legislative expression, substantive laws apply prospectively only, while procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La.C.C. Art. 6.
For purposes of determining whether a statute may be applied retroactively, "substantive law" is one that creates an obligation, while a procedural, remedial or curative statute relates to the form of a proceeding or operation of the law.Utley-James of Louisiana, Inc. V. State Div. OfAdmin., Dept. Of Facility Planning and Control (App. 1 Cir. 1991) 593 So.2d 1261, writ denied 597 So.2d 1036.
Act 372 (1995) provides for obligations with respect to the reproduction of public records and provides for the prohibition of certain equipment within the office of the clerk of court. Consequently, it is the opinion of this office that Act 372 (1995) is substantive and, therefore, does not apply retroactively but prospectively only. However, although the Act is not retroactive, it nevertheless prohibits continued placement of a copy machine in the Clerk's office.
I trust this adequately answers your question. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
Assistant Attorney General
RPI/CMF:gbe
Date Received:
Date Released: